**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gilberto Escalante, | CV 19-0256-TUC-RM (LAB) |
| Petitioner, | **REPORT AND RECOMMENDATION** |
| vs. | |
| David Shinn, Director of the Arizona Department of Corrections, et al., | |
| Respondents. | |

Pending before the court is a petition for writ of habeas corpus constructively filed on April 26, 2019, by Gilberto Escalante, an inmate currently held in the Arizona State Prison Complex in Safford, Arizona. (Doc. 1, p. 17)

Pursuant to the Rules of Practice of this court, the matter was referred to Magistrate Judge Bowman for report and recommendation. LRCiv 72.2(a)(2).

The Magistrate Judge recommends that the District Court, after its independent review of the record, enter an order denying the petition. Escalante's claims are either time-barred or procedurally defaulted.

Summary of the Case

Escalante was convicted after a plea of guilty to one count of money laundering. (Doc. 16, pp. 40-42) The factual basis for the plea was Escalante's admission that he used proceeds from racketeering activities to build a home in Pirtleville, Arizona. (Doc. 16, pp. 69-70) On

November 7, 2013, the trial court sentenced him pursuant to a plea agreement to an 8-year term of imprisonment. (Doc. 16, pp. 42-44)

Escalante filed his "of-right" notice of post-conviction relief (PCR) on December 18, 2013. (Doc. 16, p. 46) He filed his petition on June 30, 2014 arguing (1) trial counsel was ineffective for failing to conduct a thorough pretrial investigation, (2) trial counsel was ineffective at sentencing for failing to challenge aggravating evidence and failing to present mitigating evidence, and (3) there are newly discovered material facts that would have resulted in acquittal at trial or would have changed the sentence. (Doc. 16, pp. 50-51) The PCR court dismissed the petition on September 5, 2014 because Escalante failed to allege any specific facts to support his arguments. (Doc. 16, pp. 61-62)

Escalante constructively[1] filed a second notice of post-conviction relief (PCR) relief on February 20, 2015. (Doc. 16, pp. 64-66) On October 19, 2015, appointed counsel informed the court that he was unable to find any colorable claims, but he moved that the court permit Escalante additional time to file a petition pro se. (Doc. 16, pp. 68-71) Escalante filed a petition pro se on July 22, 2016. (Doc. 17, p. 3) He argued (1) trial counsel was ineffective for failing to file pre-trial motions, (2) his first PCR counsel was ineffective for not securing documents, and (3) there are material facts that "would have totally changed the outcome of this case." (Doc. 17, p. 4) The PCR court denied the petition summarily on November 30, 2016 there being "no colorable claim pursuant to A.R.C.P. § 32.6." (Doc. 17, p. 26) On December 15, 2016, Escalante filed a motion for reconsideration. (Doc. 17, p. 28) The PCR court denied the motion on December 28, 2016. (Doc. 17, p. 32)

Escalante filed an untimely petition for review on February 8, 2017. (Doc. 17, p. 34) He argued that the superior court abused its discretion by denying his claims and the defendant has a right to appeal in all cases pursuant to the 14th Amendment Equal Protection Clause. (Doc. 17, p. 35) The petition was dismissed as untimely on May 10, 2017. (Doc. 17, p. 51)

---

[1] The respondents state that Escalante placed his petition in the prison mailing system on this date. (Doc. 15, p. 8) The court assumes, without deciding, that they are correct.

Escalante filed a motion for reconsideration on May 25, 2017. (Doc. 17, p. 53) On May 30, 2017, the Arizona Court of Appeals denied the motion for reconsideration but granted leave to petition the trial court for permission to file a delayed petition for review. (Doc. 18, p. 3)

On June 9, 2017, Escalante filed a petition in the trial court for permission to file a delayed petition for review. (Doc. 18, p. 6) The trial court denied the petition on August 25, 2017. (Doc. 18, p. 18)

On October 31, 2018, Escalante filed a motion for emergency special action with the Arizona Supreme Court. (Doc. 19, p. 3) On February 5, 2019, the Arizona Supreme Court dismissed the motion. (Doc. 19, p. 55)

Previously, on November 14, 2018, Escalante filed a third petition for post-conviction relief. (Doc. 18, p. 20) He argued (1) PCR counsel was ineffective; (2) there are newly discovered material facts that would have resulted in an acquittal at trial or would have changed the sentence; (3) trial counsel was ineffective at sentencing for failing to challenge false aggravating evidence; (4) trial counsel was ineffective at sentencing for failing to challenge the 9-year pre-accusation delay; (5) newly discovered evidence proves prosecutorial misconduct, malicious prosecution, and fraud; and (6) his sentence is illegal because it is based on inaccurate information. (Doc. 18, p. 22) On February 19, 2019, the PCR court denied the petition as precluded or not supported by the record. (Doc. 18, p. 141) Escalante did not file a petition for review with the Arizona Court of Appeals. (Doc. 15, p. 6)

On April 26, 2019, Escalante constructively[2] filed in this court a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1, p. 17) He claims (1) his right to face his accuser was violated because the state did not disclose the identity of its informants until its third supplemental disclosure, (2) his sentence was illegal because the aggravating factors were based on inaccurate information, (3) the state's 9-year pre-accusation delay was illegal, (4) newly discovered evidence proves prosecutorial misconduct, (5) (a) trial counsel was ineffective, and (5)(b) PCR counsel was ineffective. (Doc. 1) In Claim (5)(b), Escalante does

---

[2] On this date, Escalante placed his petition in the prison mailing system. (Doc. 1, p. 17)

not explain whether he believes his *first* PCR counsel was ineffective, his *second* PCR counsel was ineffective, or both. The court assumes Escalante is complaining about his first PCR counsel. An ineffective assistance claim against his second PCR counsel is not cognizable in a habeas corpus proceeding. 28 U.S.C. s 2254(I).

On September 30, 2019, the respondents filed an answer arguing, among other things, that Escalante's claims should be dismissed because they are time-barred and procedurally defaulted. (Doc. 15) The court finds that some claims are time-barred and the remainder are procedurally defaulted. The court does not reach the respondents' alternate arguments. Escalante filed a reply on October 21, 2019. (Doc. 20) He argues he is actually innocent of the charge of conviction. *Id*.

Discussion

The writ of habeas corpus affords relief to persons in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a). The petition, however, must be filed within the applicable limitation period or it will be dismissed. The statute reads in pertinent part as follows:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent

> judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). The "one-year statute of limitations . . . applies to each claim in a habeas application on an individual basis." *Mardesich v. Cate*, 668 F.3d 1164, 1170 (9th Cir. 2012).

The limitation period for Claim (2), Claim (3), Claim (4) except as it relates to the state's tardy disclosure of informants, Claim (5)(a), and Claim (5)(b) was triggered on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The court assumes without deciding that the ineffective assistance claim against PCR counsel as stated in Claim (5)(b) is cognizable because an "of-right" proceeding functions as a direct appeal. *But see* 28 U.S.C. s 2254(i).

Escalante was convicted pursuant to a plea of guilty. (Doc. 16, pp. 40-42) Accordingly, he waived his right to a conventional direct appeal, but he had a right to pursue an "of-right" post-conviction relief (PCR) proceeding, which he did. *See Summers v. Schriro*, 481 F.3d 710, 711 (9th Cir. 2007). The PCR proceeding commenced when Escalante filed his notice on December 18, 2013. (Doc. 16, p. 46) The PCR court dismissed the petition on September 5, 2014. (Doc. 16, pp. 61-62) The PCR proceeding ended and the judgment became final on October 10, 2014, when Escalante failed to file a timely petition for review with the Arizona Court of Appeals within the 35-day deadline. *See* Ariz.R.Crim.P. 32.9(c) (30-day deadline to appeal); Ariz.R.Crim.P. 1.3(a) (5 days added for time period triggered by service)[3]; *Summers v. Schriro*, 481 F.3d 710, 711 (9th Cir. 2007) ("AEDPA's one-year statute of limitations does not begin to run until the conclusion of the Rule 32 of-right proceeding and review of that proceeding, *or until the expiration of the time for seeking such proceeding or review*.") (emphasis added).

The one-year limitation period began running the next day and ran for 132 days until February 20, 2015 when the limitation period was statutorily tolled when Escalante constructively filed his second PCR notice. (Doc. 16, p. 66); 28 U.S.C. § 2244(d)(2).

---

[3] The respondent states that Rule 1.3(a) applies here. (Doc. 15) This court assumes, without deciding, that it does.

- 5 -

Escalante's PCR petition was denied on November 30, 2016, and his motion for reconsideration was denied on December 28, 2016. (Doc. 17, p. 26); (Doc. 17, p. 32) Escalante did not file a timely petition for review with the Arizona Court of Appeals.

After December 28, 2016, there was nothing "pending" in the state court and statutory tolling stopped. 28 U.S.C. § 2244(d)(2). The limitation period resumed the next day, ran for 233 days, and expired on August 18, 2017. Escalante's pending habeas petition was filed in this court on April 26, 2019, after the end of the limitation period. (Doc. 1, p. 17) Claim (2), Claim (3), Claim (4) except as it relates to the tardy disclosure of informants, Claim (5)(a) and Claim (5)(b) are time-barred.

Escalante eventually filed a petition for review with the Arizona Court of Appeals on February 8, 2017, but that petition was untimely. (Doc. 17, p. 51) Statutory tolling only occurs when a "*properly filed* application for State post-conviction or other collateral review" is pending. 28 U.S.C. § 2244(d)(2) (emphasis added). And an untimely application is not "properly filed." *Pace v. DiGuglielmo*, 544 U.S. 408, 417, 125 S.Ct. 1807, 1814 (2005). The gap between the PCR court's adverse ruling and the petition for review would have been tolled if the petition for review had been timely filed. *See Banjo v. Ayers*, 614 F.3d 964, 968 (9th Cir. 2010). But, it was not.

Claim (1) and Claim (4), as it relates to the state's tardy disclosure of informants, appear to be based on Escalante's discovery of the state's third supplemental pretrial disclosure some time in the fall of 2018. (Doc. 1, pp. 6, 9, 17) Escalante asserts that this discovery led to the filing of his third PCR proceeding. (Doc. 1, p. 17) If Escalante was acting with diligence, then the limitation period for these claims would have been triggered sometime in the fall of 2018 pursuant to 28 U.S.C. § 2244(d)(1)(d) and these claims would not be time-barred. They are, however, procedurally defaulted.

Federal habeas review is limited to those issues that have been properly exhausted before the state courts. The rule reads in pertinent part as follows:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears

that – (A) the applicant has exhausted the remedies available in the courts of the State. . . .

28 U.S.C. § 2254(b)(1)(A).

To be properly exhausted, a claim must be "fairly presented" to the state courts. *Picard v. Connor*, 404 U.S. 270, 275, 92 S.Ct. 509, 512 (1971). In other words, the state courts must be apprised of the issue and given the first opportunity to rule on the merits. *Id.* at 275-76. Accordingly, the petitioner must "present the state courts with the same claim he urges upon the federal courts." *Id.* "The state courts have been given a sufficient opportunity to hear an issue when the petitioner has presented the state court with the issue's factual and legal basis." *Weaver v. Thompson*, 197 F.3d 359, 364 (9th Cir. 1999).

In addition, the petitioner must explicitly alert the state court that he is raising a *federal* constitutional claim. *Casey v. Moore*, 386 F.3d 896, 910-11 (9th Cir. 2004), *cert. denied*, 545 U.S. 1146 (2005). The petitioner must make the federal basis of the claim explicit either by citing specific provisions of federal law or federal case law, even if the federal basis of a claim is "self-evident," *Gatlin v. Madding*, 189 F.3d 882, 888 (9th Cir. 1999), *cert. denied*, 528 U.S. 1087 (2000), or by citing state cases that explicitly analyze the same federal constitutional claim, *Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003) (en banc).

If the petitioner is in custody pursuant to a judgment imposed by the State of Arizona, he must present his claims to the Arizona Court of Appeals for review. *Castillo v. McFadden*, 399 F.3d 993, 998 (9th Cir. 2005), *cert. denied*, 546 U.S. 818 (2005); *Swoopes v. Sublett*, 196 F.3d 1008 (9th Cir. 1999), *cert. denied*, 529 U.S. 1124 (2000). If state remedies have not been exhausted, the petition may not be granted and ordinarily should be dismissed without prejudice. *See Johnson v. Lewis*, 929 F.2d 460, 463 (9th Cir. 1991). In the alternative, the court has the authority to deny on the merits rather than dismiss for failure to exhaust state remedies. 28 U.S.C. § 2254(b)(2).

A claim is "procedurally defaulted" if the state court declined to address the claim on the merits for procedural reasons. *Franklin v. Johnson*, 290 F.3d 1223, 1230 (9th Cir. 2002).

Procedural default also occurs if the claim was not presented to the state court and it is clear the state would now refuse to address the merits of the claim for procedural reasons. *Id.*

Procedural default may be excused if the petitioner can "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Boyd v. Thompson*, 147 F.3d 1124, 1126 (9th Cir. 1998). "To qualify for the fundamental miscarriage of justice exception to the procedural default rule, however, [the petitioner] must show that a constitutional violation has probably resulted in the conviction when he was actually innocent of the offense." *Cook v. Schriro*, 538 F.3d 1000, 1028 (9th Cir. 2008).

If a claim is procedurally defaulted and the default is not excused, the claim should be dismissed with prejudice because the claim was not properly exhausted and "the petitioner has no further recourse in state court." *Franklin*, 290 F.3d at 1231.

Escalante states that Claim (1) and Claim (4) were presented to the state court in his third petition for post-conviction relief (PCR). (Doc. 1, pp. 6, 9) It appears they were raised in issues 2 and 5. (Doc. 18, pp. 20-44) On February 19, 2019, the PCR court denied the petition as precluded or not supported by the record. (Doc. 18, p. 141) Escalante did not, however, petition the Arizona Court of Appeals for review of the PCR court's denial of these claims. Accordingly, they were not properly exhausted. *See Castillo v. McFadden*, 399 F.3d 993, 998 (9th Cir. 2005), *cert. denied*, 546 U.S. 818 (2005); *Swoopes v. Sublett*, 196 F.3d 1008 (9th Cir. 1999), *cert. denied*, 529 U.S. 1124 (2000). He cannot file a petition for review now; the deadline has passed. Ariz.R.Crim.P. 32.9(c). He cannot correct this error by filing another PCR petition; his issues are waived. *See* Ariz.R.Crim.P. 32.2(a), 32.4(a). Escalante's claims are procedurally defaulted. *Franklin v. Johnson*, 290 F.3d 1223, 1230 (9th Cir. 2002).

In his reply brief, Escalante argues that he is innocent of the charge of conviction and that the state had no evidence against him at all. (Doc. 20)

Under certain circumstances, a claim of "actual innocence" serves as a "gateway through which a petitioner may pass whether the impediment is a procedural bar or expiration of the statute of limitations." *Stewart v. Cate*, 757 F.3d 929, 937-938 (9th Cir. 2014). "The Supreme

Court has recently cautioned, however, that tenable actual-innocence gateway pleas are rare." *Id*. "A petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id*.

To establish a claim of "actual innocence" the petitioner must first present "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324, 115 S. Ct. 851, 865 (1995). Escalante, however, does not present any new evidence undermining his convictions. Instead, he alleges in a conclusory fashion that "every single dollar the State claimed originated from money laundering can legally be accounted for," but he provides no evidence to prove his assertion. (Doc. 20, p. 2) Escalante has not made a credible showing of "actual innocence" to rescue his procedural defaults or his untimely claims.

Moreover, Escalante's current claim of innocence is contradicted by his own statements, which were made under oath at his change of plea hearing on August 12, 2013. (Doc. 16, p. 23) At that hearing, Escalante admitted that he used the proceeds of racketeering to build a home in Pirtleville, Arizona, and he concealed the actual ownership of the property through the use of straw purchasers. (Doc. 16, pp. 69-70) Escalante asserts that his plea was coerced because he was "forced . . . to choose between signing a plea or losing his children, and having his ex-wife and his sister go to prison for made up charges." (Doc. 20, p. 1) This assertion, however, is undermined by his statements at the change of plea hearing that pleading guilty was his "own choice" and he was not "force[d]" or "threatened . . . in any manner" to do so. (Doc. 16, pp. 31-32) Absent evidence to the contrary, the court is entitled to rely on the statements Escalante made at his change of plea hearing. "Statements made by a defendant during a guilty plea hearing carry a strong presumption of veracity . . . ." *United States v. Ross*, 511 F.3d 1233, 1236 (9th Cir. 2008).

//
//
//

- 9 -

## RECOMMENDATION

The Magistrate Judge recommends that the District Court, after its independent review of the record, enter an order Denying the petition for writ of habeas corpus. (Doc. 1) Escalante's claims are time-barred or procedurally defaulted.

Pursuant to 28 U.S.C. §636 (b), any party may serve and file written objections within 14 days of being served with a copy of this report and recommendation. If objections are not timely filed, they may be deemed waived. The Local Rules permit a response to an objection. They do not permit a reply to a response.

DATED this 12th day of February, 2020.

_Leslie A. Bowman_
Leslie A. Bowman
United States Magistrate Judge