**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gilberto Escalante, | No. CV-19-00256-TUC-RM |
| Petitioner, | **ORDER** |
| v. | |
| David Shinn, et al., | |
| Respondents. | |

Petitioner Gilberto Escalante, an inmate in the Arizona State Prison Complex in Safford, Arizona, constructively filed a pro se Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 ("§ 2254 Petition") on April 26, 2019. (Doc. 1.)[1] Respondents filed a Limited Answer (Doc. 15), and Petitioner filed a Reply (Doc. 20). On February 12, 2020, Magistrate Judge Leslie A. Bowman issued a Report and Recommendation ("R&R"), recommending that the § 2254 Petition be denied because Petitioner's claims are all either time-barred or procedurally defaulted. (Doc. 21.) Petitioner filed a timely Objection to the R&R (Doc. 28), and Respondents filed a Response to the Objection (Doc. 31).

After Petitioner's Objection to the R&R had been fully briefed, attorney Siovhan Sheridan Ayala filed a Notice of Appearance on Petitioner's behalf (Doc. 34) and moved

---

[1] The Petition was docketed on May 6, 2019, but Petitioner averred that he placed the Petition in the prison mailing system on April 26, 2019. (Doc. 1 at 17.) "Under the 'prison mailbox rule' . . . a prisoner's federal habeas petition is deemed filed when he hands it over to prison authorities for mailing to the district court." *Huizar v. Carey*, 273 F.3d 1220, 1222 (9th Cir. 2001).

to continue these habeas proceedings (Doc. 35). The Court granted the Motion to Continue and held the Petition, R&R, and Objection under advisement for a period of two months to allow Petitioner's counsel time to investigate Petitioner's actual innocence claim. (Doc. 38.) Petitioner thereafter filed a supplemental brief in support of his Objection to the R&R (Doc. 39), and Respondents filed a supplemental response (Doc. 42).

For the following reasons, the Court will overrule Petitioner's Objection, accept and adopt the R&R, and deny the § 2254 Petition.

## I. Background

### A. State Proceedings

On November 29, 2012, Petitioner was charged with conspiracy, conducting a criminal enterprise, money laundering, and fraudulent schemes and artifices. (Doc. 16 at 3-8.)[2] Petitioner was convicted after a plea of guilty to one count of money laundering. (*Id.* at 10-44.) The factual basis for the plea was Petitioner's admission that he, along with his sister Angelica Escalante and his ex-wife Niomi Escalante, used proceeds from racketeering activities to build a home in Pirtleville, Arizona. (Doc. 42-1 at 120-121.) On November 7, 2013, Petitioner was sentenced to an eight-year term of imprisonment. (Doc. 16 at 40-44.)

On December 18, 2013, Petitioner filed his "of-right" Notice of Post-Conviction Relief ("PCR") pursuant to Rule 32 of the Arizona Rules of Criminal Procedure. (Doc. 16 at 46-47.) In his PCR Petition, filed on June 30, 2014, Petitioner argued that (1) his trial counsel was ineffective for failing to conduct a thorough pretrial investigation, (2) his trial counsel was ineffective at sentencing for failing to challenge aggravating evidence and failing to present mitigating evidence, and (3) there are newly discovered material facts that would have resulted in acquittal at trial or would have changed the sentence. (*Id.* at 49-59.) On September 5, 2014, the PCR court denied the Petition on the merits. (*Id.* at 61-62.) Petitioner did not seek review in the Arizona Court of Appeals. (Doc. 15 at

---

[2] All record citations herein refer to the page numbers generated by the Court's electronic filing system.

3-4.)

Petitioner constructively[3] filed a second Notice of Post-Conviction Relief on February 20, 2015. (Doc. 16 at 64-66.) After his appointed counsel filed a notice stating that he was unable to find any colorable claims (*id.* at 68-71), Petitioner filed a pro se PCR Petition alleging that (1) his trial counsel was ineffective for failing to move for severance and dismissal, (2) his first PCR counsel was ineffective for failing to secure documents, and (3) material facts existed that would have changed the outcome of his case had they been investigated (Doc. 17 at 3-17). The PCR court denied the Petition on November 30, 2016, finding no colorable claim. (*Id.* at 26.) Petitioner filed an unsuccessful Motion for Reconsideration. (*Id.* at 28-30, 32.) He thereafter filed a Petition for Review (*Id.* at 34-42), which was dismissed as untimely (*id.* at 51).

On October 31, 2018, Petitioner filed a Motion for Emergency Special Action with the Arizona Supreme Court, setting forth claims challenging his conviction and sentence. (Doc. 19 at 3-23.) The Arizona Supreme Court dismissed the Motion as procedurally improper on February 5, 2019. (*Id.* at 55.)

On November 14, 2018, Petitioner filed a third PCR Petition, claiming that (1) PCR counsel was ineffective for failing to present exonerating information, (2) newly discovered material facts existed that would have resulted in an acquittal at trial or would have changed the sentence, (3) trial and PCR counsel were ineffective for failing to challenge false aggravating evidence, (4) trial counsel was ineffective for failing to challenge the prosecution's nine-year pre-accusation delay, (5) newly discovered evidence proved prosecutorial misconduct, malicious prosecution, and fraud by the State, and (6) Petitioner received an illegal sentence because the aggravating factors were based on inaccurate information. (Doc. 18 at 20-44.) On February 19, 2019, the PCR court denied the Petition as precluded. (*Id.* at 141.) Petitioner did not seek review in the Arizona Court of Appeals. (Doc. 15 at 6.)

. . . .

---

[3] Petitioner placed the Notice in the prison mailing system on February 20, 2015; the Petition was filed on February 23, 2015. (Doc. 16 at 64-66.)

B.     **Federal Habeas Petition**

On April 26, 2019, Petitioner constructively filed his § 2254 Petition in this Court. (Doc. 1.) Petitioner raises five claims: (1) his right to face his accuser was violated because the State did not disclose the existence of confidential informants; (2) he received an illegal sentence because the aggravating factors were based on inaccurate information; (3) the State's nine-year pre-accusation delay violated his Sixth and Fourteenth Amendment rights; (4) newly discovered evidence proves prosecutorial misconduct, malicious prosecution and fraud by the State; (5)(a) trial counsel was ineffective; and (5)(b) PCR counsel was ineffective.[4] (*Id.* at 6-17.)

On September 30, 2019, Respondents filed a Limited Answer, arguing that Petitioner's claims should be dismissed because they are time-barred, non-cognizable, waived, and procedurally defaulted. (Doc. 15.) Petitioner filed a Reply on October 21, 2019, arguing that he is innocent of the charge of conviction; that he signed a plea only because the trial court refused to sever his case from his co-defendants' cases; and that the prosecution targeted him, violated his rights, and withheld evidence. (Doc. 20.)

**II.    Magistrate Judge Bowman's R&R**

Magistrate Judge Bowman's R&R finds that some of Petitioner's claims are time-barred and the remainder are procedurally defaulted. (Doc. 21.) Specifically, the R&R finds that Claim (2), Claim (3), Claim (4) except as it relates to the tardy disclosure of informants, Claim (5)(a) and Claim (5)(b) are time-barred. (*Id.* at 4-6.) The R&R finds that Claim (1) and Claim (4) as it relates to the tardy disclosure of informants, although not time-barred, are procedurally defaulted. (*Id.* at 6-8.) The R&R further finds that Petitioner has not made a credible showing of "actual innocence" to rescue his procedurally defaulted and untimely claims. (*Id.* at 8-9.) The R&R does not reach

---

[4] Petitioner does not explain whether he believes his first PCR counsel was ineffective, his second PCR counsel was ineffective, or both. Because an ineffective-assistance claim against his second PCR counsel would not be cognizable in a federal habeas proceeding, 28 U.S.C. § 2254(i), this Court assumes—as did Magistrate Judge Bowman (Doc. 21 at 4)—that Petitioner is complaining about the attorney from his first, of-right PCR proceedings.

Respondent's alternate arguments that Petitioner's claims should be dismissed as non-cognizable and/or waived. (*Id.* at 4.)

In his Objection, Petitioner reiterates arguments in support of the merits of his claims. (Doc. 28.) In addition, he argues that his claims are timely and that he is actually innocent. (*Id.* at 6-10.) Petitioner attaches various documents and excerpts of documents as exhibits to his Objection. (Doc. 28-1.)

In response to the Objection, Respondents argue that Petitioner has waived any challenge to Magistrate Judge Bowman's procedural findings with the exception of her determination that Petitioner's claim of newly discovered evidence was procedurally defaulted and her rejection of his actual innocence claim. (Doc. 31.) Respondents urge this Court to adopt Magistrate Judge Bowman's determinations on those matters. (*Id.* at 4-8.) They further argue that the new evidence attached to Petitioner's Objection need not be considered and does not establish Petitioner's innocence. (*Id.*)

### III. Supplemental Briefs

In his supplemental brief in support of his Objection to the R&R, Petitioner argues that even if his claims are untimely or procedurally defaulted, they may be heard on the merits pursuant to the miscarriage of justice exception because newly discovered evidence establishes that Petitioner is actually innocent. (Doc. 39 at 5-7.) He also makes brief arguments concerning equitable tolling and cause-and-prejudice to excuse a procedural default. (*Id.* at 5, 7-8.) To support his assertion of innocence, Petitioner provides various affidavits and other evidence that he argues show that his sister and ex-wife purchased the Pirtleville property at issue as an investment and that the prosecution's valuation of the property was inflated. (*Id.* at 6-7; *see also* Doc. 39-1 to 39-6.) Petitioner further argues that his statements from his change-of-plea hearing "should not be considered" because he entered into his plea agreement "based on limited knowledge of the State's evidence and the ineffective assistance of his trial counsel." (Doc. 39 at 9.)

In their supplemental response, Respondents argue that Petitioner's evidence is

insufficient to establish an actual innocence claim. (Doc. 42.) Specifically, Respondents argue that there is little evidentiary value in Petitioner's self-serving affidavit and the affidavits of family members whose interests lie in supporting his innocence claim; that Petitioner's evidence does not account for all of the outlay of money used to pay for the construction of the Pirtleville property; and that Petitioner's plea refutes any claim of actual innocence. (*Id.* at 11-14.) Respondents also argue that, in cases where the prosecution forgoes more serious charges in the course of plea bargaining, a habeas petitioner's showing of actual innocence must extend to those foregone charges, and Petitioner's evidence here does not extend to the two class-two felonies—conspiracy and fraudulent schemes and artifices—with which he was initially charged. (*Id.* at 14-15.)

## IV. Standard of Review

A district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations" made by a magistrate judge. 28 U.S.C. § 636(b)(1). The district judge must "make a de novo determination of those portions" of the magistrate judge's "report or specified proposed findings or recommendations to which objection is made." *Id.* "When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation" of a magistrate judge. Fed. R. Civ. P. 72(b), advisory committee's note to 1983 addition. *See also Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999) ("If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error."); *Prior v. Ryan*, CV 10-225-TUC-RCC, 2012 WL 1344286, at *1 (D. Ariz. Apr. 18, 2012) (reviewing for clear error unobjected-to portions of Report and Recommendation).

## V. Discussion

Although Petitioner's Objection largely fails to raise specific challenges to the R&R's findings concerning timeliness and procedural default, the Court will liberally construe the Objection as disputing the R&R's findings that the majority of Petitioner's claims are time-barred, that Claim 1 and Claim 4 as it relates to the tardy disclosure of

informants are procedurally defaulted, and that Petitioner has not made a credible gateway claim of actual innocence.

### A. Timeliness

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a one-year period of limitation applies to petitions for writ of habeas corpus filed by persons in custody pursuant to the judgment of a state court. 28 U.S.C. § 2244(d)(1). The limitation period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.* § 2244(d)(1). The limitation period is tolled during the time in "which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." *Id.* § 2244(d)(2).

Magistrate Judge Bowman correctly found that Claim 2, Claim 3, Claim 4 except as it relates to the tardy disclosure of informants, Claim 5(a), and Claim 5(b) are untimely. The judgment in Petitioner's case became final on October 10, 2014, with the expiration of the deadline for filing a Petition for Review of the denial of Petitioner's of-right PCR Petition. *See Summers v. Schriro*, 481 F.3d 710, 711 (9th Cir. 2007) (an "of-right" Rule 32 proceeding is form of "direct review" under § 2244(d)(1)(A) that delays the start of the running of the statute of limitations). AEDPA's limitation period began to run the next day and ran until February 20, 2015, when Petitioner constructively filed his second PCR Notice, which statutorily tolled the limitation period. *See* 28 U.S.C. § 2244(d)(2). The limitation period resumed upon the conclusion of Petitioner's second PCR proceedings and expired on August 18, 2017, prior to the filing of Petitioner's § 2254 Petition.

Petitioner argues that the discovery of new evidence, through due diligence, commences the one-year period of limitation under 28 U.S.C. § 2254(a)(1)(D), and that "[t]he moment [he] discovered and uncovered exculpatory evidence that would exonerate him, he immediately wrote a new PCR and Special Action." (Doc. 28 at 6-7.) As the statutory provision cited by Plaintiff does not exist, the Court assumes that Plaintiff intended to refer to 28 U.S.C. § 2244(d)(1)(D), which provides that AEDPA's one-year statute of limitations on a claim does not begin to run until "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." Magistrate Judge Bowman found in her R&R that Claim 1 and Claim 4 as it relates to the tardy disclosure of informants were not time-barred because the limitation period for those claims began to run in the fall of 2018 pursuant to 28 U.S.C. § 2244(d)(1)(D). (Doc. 21 at 6.) In so finding, Magistrate Judge Bowman relied upon Petitioner's representation in his § 2254 Petition that he discovered evidence regarding the State's use of informants in the fall of 2018. (Doc. 1 at 17.) In his Objection, Plaintiff does not specify any other newly discovered evidence or the date upon which any such evidence was discovered. Accordingly, to the extent that Petitioner is challenging the R&R's application of 28 U.S.C. § 2244(d)(1)(D) only to Claim 1 and a portion of Claim 4—as opposed to other claims asserted in the § 2254 Petition—his objection fails.

AEDPA's limitation period is subject to equitable tolling under certain circumstances, *Holland v. Florida*, 560 U.S. 631, 634 (2010), but equitable tolling "is justified in few cases," *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003). A petitioner is entitled to equitable tolling only if he establishes: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland*, 560 U.S. at 649 (internal quotation marks omitted). The phrase "stood in his way" means that "an external force"—as opposed to the petitioner's own "oversight, miscalculation, or negligence"—"cause[d] the untimeliness." *Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1011 (9th Cir. 2009). The party seeking to

invoke equitable tolling "bears the burden of showing that this extraordinary exclusion should apply to him." *Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002).

Petitioner argues in his supplemental brief that he is entitled to equitable tolling of AEDPA's statute of limitations because he diligently pursued "post-conviction relief multiple time[s], and at multiple levels" and "just recently" accessed documents and information regarding the valuation of the Pirtleville property. (Doc. 39 at 7-8.) However, Petitioner has not explained why he failed to discover the documents attached to his Objection and supplemental brief earlier, nor has he shown that an "external force" prevented him from timely filing his § 2254 Petition. *See Waldron-Ramsey*, 556 F.3d at 1011.

Nothing in Petitioner's Objection or supplemental brief casts doubt on the R&R's conclusion that Claim 2, Claim 3, Claim 4 except as it relates to the tardy disclosure of informants, Claim 5(a), and Claim 5(b) are untimely.

**B.     Procedural Default**

A § 2254 petition subject to AEDPA cannot be granted unless it appears that (1) the petitioner has exhausted all available state-court remedies, (2) there is an absence of available state corrective process, or (3) state corrective process is ineffective to protect the rights of the petitioner. 28 U.S.C. § 2254(b)(1); *see also Coleman v. Thompson*, 501 U.S. 722, 731 (1991). In cases not carrying a life sentence or the death penalty, "claims of Arizona state prisoners are exhausted for purposes of federal habeas once the Arizona Court of Appeals has ruled on them." *Swoopes v. Sublett*, 196 F.3d 1008, 1010 (9th Cir. 1999) (per curiam). To properly exhaust state-court remedies, the petitioner must "fairly present" his claims to the state courts in a procedurally appropriate manner. *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999). A claim is fairly presented if the petitioner has described the operative facts and the federal legal theory on which the claim is based. *See Picard v. Connor*, 404 U.S. 270, 277-78 (1971).

A claim is considered procedurally defaulted and thus precluded from federal review if (1) the claim was not presented in state court and no state remedies are currently

available because the court to which the petitioner would be required to present the claim in order to meet the exhaustion requirement would find the claims procedurally barred under state law, or (2) the petitioner raised the claim in state court but the state court rejected the claim based on "independent" and "adequate" state procedural grounds. *See Coleman*, 501 U.S. at 729-32, 735 n.1.

Because the doctrine of procedural default is based on comity rather than jurisdiction, federal courts retain the power to consider the merits of procedurally defaulted claims. *Reed v. Ross*, 468 U.S. 1, 9 (1984). However, courts will do so only if the petitioner demonstrates cause and prejudice, or a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 750. To demonstrate cause, a petitioner must show that "some objective factor external to the defense impeded [his] efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986).

Petitioner argues that he presented new evidence to the Arizona state courts in "a new PCR motion, as well as a Special Action." (Doc. 28 at 6.) To the extent that this argument constitutes an objection to the R&R's finding that Claim 1 and Claim 4 as it relates to the tardy disclosure of informants are procedurally defaulted, the objection fails. Petitioner's filing of a procedurally improper Special Action did not serve to exhaust these claims. *See Coleman*, 501 U.S. at 732 ("a habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address those claims in the first instance"). And though the claims appear to have been raised in Petitioner's third PCR Petition (Doc. 18 at 20-42), Petitioner nevertheless failed to exhaust them because he failed to file a Petition for Review of the trial court's denial of that Petition. *See Swoopes*, 196 F.3d at 1010. The claims are procedurally defaulted because "it is clear that the state court would hold [them to be] procedurally barred" if Petitioner were to attempt to raise them in a subsequent PCR Petition. *Harris v. Reed*, 489 U.S. 255, 263 n.9 (1989); *see also* Ariz. R. Crim. P. 32.2(a).

Petitioner appears to argue in his supplemental brief that he has established cause

and prejudice to excuse the procedural default of his claims because he "presented his claims and challenge to his conviction multiple times" and the prejudice to him "would be great if he were unable to argue his claims on the merits." (Doc. 39 at 5.) However, Petitioner has not shown that an "objective factor external to the defense impeded [his] efforts to comply with the State's procedural rule," and thus he has failed to establish cause under the cause-and-prejudice standard. *Murray*, 477 U.S. at 488.

### C. Actual Innocence

Actual innocence may serve "as a gateway through which a petitioner may pass whether the impediment is a procedural bar . . . or . . . expiration of the statute of limitations." *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). However, "tenable actual-innocence gateway pleas are rare." *Id.* To invoke this "miscarriage of justice" exception to AEDPA's statute of limitations, "a petitioner must show that it is more likely than not that no reasonable juror would have convicted him," *id.* at 399, in light of "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial," *Schlup v. Delo*, 513 U.S. 298, 324 (1995).

In his Reply to Respondents' Limited Answer, Petitioner made the conclusory assertion that "every single dollar the State claimed originated from money laundering can legally be accounted for." (Doc. 20 at 2.) As Judge Bowman found, that assertion is contradicted by statements that Defendant made under oath at his change of plea hearing on August 12, 2013. (Doc. 42-1 at 115-16, 119-20.) At that hearing, Petitioner admitted that he used the proceeds of racketeering offenses to build a home in Pirtleville, Arizona, and that he utilized the name of a business and straw purchasers to conceal the actual ownership and control of the property. (*Id.* at 119-20.) "Statements made by a defendant during a guilty plea hearing carry a strong presumption of veracity . . . ." *United States v. Ross*, 511 F.3d 1233, 1236 (9th Cir. 2008).

Petitioner presents for the first time in his Objection and supplemental brief evidence that he contends supports his actual innocence claim. Specifically, Petitioner

- 11 -

attaches to his Objection various documents and excerpts of documents relating to the construction, financing, and valuation of the Pirtleville property. (Doc. 28-1.) He re-attaches the same documents to his supplemental brief (Doc. 39-4, 39-5) and also attaches (1) an affidavit in which he avers he is innocent (Doc. 39-1); an affidavit in which his sister Angelica Escalante avers that she purchased the Pirtleville property as an investment and financed the purchase through a second mortgage on her home (Doc. 39-2); an affidavit in which his ex-wife Niomi Escalante avers that she paid $90,000 for the construction of the Pirtleville home using a home equity loan from a property her father owned in California (Doc. 39-3); and documents relating to an investment by an individual named Alfredo Olivares Ballesteros (Doc. 39-6).

A district court has discretion to consider supplemental evidence presented for the first time in a party's objection to a magistrate judge's report and recommendation. *United States v. Howell*, 231 F.3d 615, 621 (9th Cir. 2000). However, the district court is not required to consider the evidence. *Id.* Most of the documents attached to Petitioner's Objection and supplemental brief were attached to Petitioner's Motion for Emergency Special Action filed in state court on October 31, 2018—before this habeas action was filed. (*Compare* Doc. 19 at 24-51, *with* Docs. 28-1, 39-4, 39-5.) Petitioner has not explained why he failed to present those documents earlier in these habeas proceedings.

Even if the Court were to consider the evidence attached to Petitioner's Objection and supplemental brief, it is insufficient to establish a gateway actual innocence claim. Contrary to Petitioner's arguments, the evidence does not show that "every single dollar the State claimed originated from money laundering can legally be accounted for." (Doc. 20 at 2.) At most, the evidence indicates that the purchase of land in Pirtleville was funded through a $78,000 loan against another property owned by Petitioner's sister, and that portions of the money used to build a house and other structures on the land came from a loan from Petitioner's ex-father-in-law and an investment from Ballesteros. The evidence does not account for the total amount of money used to build the house and other structures on the property, nor does it show that Petitioner or his family members

had sufficient legitimate income to fund the remaining amounts expended on the construction. Evidence concerning the valuation of the Pirtleville property is of little consequence, because the focus is not on the value of the property but on the source of the money expended in purchasing and constructing buildings on the property. Finally, the affidavits of Petitioner, his sister, and his ex-wife are of questionable credibility, considering that the affiants (1) have a vested interest in establishing Petitioner's innocence and (2) made conflicting statements under oath at their change-of-plea proceedings. (*See* Doc. 42-1 at 115-122.) Petitioner has not shown that it is more likely than not that no reasonable juror would have convicted him in light of the evidence attached to his Objection and supplemental brief.

### D. Certificate of Appealability

Petitioner asks this Court to issue a certificate of appealability. (Doc. 28 at 14-18.) A certificate of appealability must issue before Petitioner can appeal this Court's judgment. *See* 28 U.S.C. §2253(c); Fed. R. App. P. 22(b)(1). A certificate may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). A substantial showing is made if "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner," or that "the issues presented were adequate to deserve encouragement to proceed further." *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000) (internal quotation marks omitted). Upon review of the record in light of the standards for granting a certificate of appealability, the Court concludes that a certificate shall not issue as the resolution of the Petition is not debatable among reasonable jurists and the issues presented are not adequate to deserve encouragement to proceed further.

Accordingly,

**IT IS ORDERED** that Petitioner's Objection (Doc. 28) is **overruled**, and Magistrate Judge Bowman's Report and Recommendation (Doc. 21) is **accepted and adopted in full**.

. . . .

**IT IS FURTHER ORDERED** that the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) is **denied**. The Clerk of Court is directed to enter judgment accordingly and close this case.

**IT IS FURTHER ORDERED** that the Court declines to issue a certificate of appealability.

Dated this 2nd day of March, 2021.

_____
Honorable Rosemary Márquez
United States District Judge